IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD EDWARDS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3559 |
| | : | |
| KAREN B. RICE, | : | |
|     Defendant. | : | |

## MEMORANDUM

**PRATTER, J.**                                                                                            **AUGUST 23, 2019**

Plaintiff Gerald Edwards, who is representing himself, filed this civil action against Karen B. Rice, apparently pursuant to 42 U.S.C. § 1983. Mr. Edwards seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.     FACTS**

Mr. Edwards's Complaint consists of sparse, somewhat disjointed allegations and voluminous exhibits. He says that his claims are based on citations issued to him on March 15, 2018, after which he was "pick[ed] up by constables" and taken to court. (Compl. at 5.)[1] He alleges that he was not shown a warrant or "accusatory instrument." (*Id.*) In a compound allegation and collection of information, Mr. Edwards states that "the 2 of them [without clarifying to whom he refers] drag[ged] [him] up the hill about a ¼ of a mile to the top" and that he was out of breath because he has emphysema. (*Id.* at 6.)

Mr. Edwards also refers to a summary appeal in the Bucks County Court of Common Pleas in which he was found guilty of numerous violations of local ordinances related to

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

maintenance of his property in connection with a complaint dated September 13, 2017. *Commonwealth v. Edwards*, Docket No. CP-09-SA-0000219-2018 (Bucks Cty. Ct. of Common Pleas). The docket lists Sandra Morgan as the arresting officer. Mr. Edwards suggests that this proceeding violated his due process rights. He attached a transcript from the proceeding to his Complaint, which reflects testimony of the arresting officer to the numerous violations on the property. Mr. Edwards filed an appeal, which was dismissed due to his failure to follow procedural rules as instructed. *Commonwealth v. Edwards*, Docket No. 1675 CD 2018 (Pa. Commonwealth Ct.).

Mr. Edwards attached to his Complaint various materials that relate to the underlying state court case. He also makes allegations that refer to individuals who are not named as defendants in this lawsuit or that explain how the state court may have lacked jurisdiction.[2] One of the exhibits is a "field contact and investigation report" dated March 15, 2018, which corresponds with the date Mr. Edwards listed in the Complaint as the date of events giving rise to his claims. (Compl. at 30.) In the report, Ms. Rice states that she inspected the "outside" of Mr. Edwards's property with other officers who arrested Mr. Edwards and escorted him away.[3] (*Id.*) Ms. Rice reported that she observed "accumulations of: wood, artificial containers, machinery, tarps, carpeting, lean-tos, strewn about the property" and that, through a fence, she observed "more piles of junk, wood, etc., as well as chicken coops, and chickens and roosters in this enclosure." (*Id.*)

---

[2] Mr. Edwards previously pursued or is currently pursuing claims against those individuals in other lawsuits. *See Edwards v. Morgan*, Civ. A. No. 19-1897 (E.D. Pa.); *Edwards v. McDermott*, Civ. A. No. 18-4777 (E.D. Pa.); *Edwards v. Morgan*, Civ. A. No. 18-4776 (E.D. Pa.).

[3] The report is authored by Karen B. Rice-Smith. The Court assumes that Karen B. Rice and Karen B. Rice-Smith refer to the same person.

## II.     STANDARD OF REVIEW

The Court will grant Mr. Edwards leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.  Accordingly, Mr. Edwards's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss a complaint if it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).   To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements[] do not suffice."  *Id.*  Because Mr. Edwards is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).  A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

## III.     DISCUSSION

Mr. Edwards has not alleged a plausible basis for a claim against Ms. Rice. Most of the allegations and the exhibits do not pertain to Ms. Rice at all. It appears that the basis for Mr. Edwards's claims against Ms. Rice may be her participation in a March 15, 2018 inspection of his property, but he has not explained how Ms. Rice's observation of trash, chickens, and other matters from the outside of his property violates his rights. Accordingly, Mr. Edwards has not complied with Rule 8 or stated a claim against Ms. Rice.

Mr. Edwards primarily appears to be challenging the proceedings that led to him having been found guilty of various code violations related to his property. There is a principle in Section 1983 jurisprudence that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Courts have extended that principle to constitutional challenges to convictions under local ordinances, even when the ordinances are civil in character. *See Thomas v. Bushkill Twp.*, Civ. A. No. 11-7578, 2014 WL 958799, at *4 (E.D. Pa. Mar. 12, 2014) (concluding that *Heck* barred plaintiff's claims "that he was denied due process when he was criminally prosecuted in 2012 for violating the Bushkill Township noise ordinance"); *Shahid v. Borough of Eddystone*, Civ. A. No. 11-2501, 2012 WL 1858954, at *4 (E.D. Pa. May 22, 2012) ("Regardless of whether the offense is technically classified as civil or criminal, a § 1983 judgment

4

undermining the validity of the conviction would imply that the state's criminal process produced an erroneous outcome.") (collecting cases). Accordingly, the public record shows that Mr. Edwards has not yet been successful in challenging his finding of guilt. Thus, he may not challenge his convictions under the ordinances in a § 1983 action. In any event, it is not clear how Ms. Rice would be responsible for any alleged errors in those proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint. In light of Mr. Edwards's *pro se* status he will be given an opportunity to file an amended complaint in the event he can state a clear basis for a claim against Ms. Rice. An appropriate order follows.

**BY THE COURT:**

**S/Gene E.K. Pratter**
**GENE E.K. PRATTER, J.**