IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD EDWARDS,** *Plaintiff* | : <br> : <br> : |
| v. | :    **CIVIL ACTION NO. 19-CV-3559** <br> : |
| **KAREN B. RICE,** *Defendant* | : <br> : |

### MEMORANDUM

PRATTER, J.                                                                                                                                                     SEPTEMBER 17, 2020

This case is currently before the Court following remand from the United States Court of Appeals for the Third Circuit with instructions to enter a final order in the case. A final order of dismissal accompanies this Memorandum.

### I.    PROCEDURAL HISTORY

Plaintiff Gerald Edwards initiated this civil action by filing a Complaint against Karen B. Rice and a Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 1 & 2.) Mr. Edwards's Complaint appeared to be generally predicated on citations he received for violating local property ordinances and related proceedings in the Bucks County Court of Common Pleas. However, the specific basis for Mr. Edwards's claims against Ms. Rice was unclear because the Complaint consisted of disjointed allegations and exhibits, many of which did not clearly pertain to Ms. Rice. (*See* ECF No. 2.)

The Court granted Mr. Edwards leave to proceed *in forma pauperis*, construed his Complaint as raising claims pursuant to 42 U.S.C. § 1983, and dismissed his Complaint without prejudice to amendment upon screening it pursuant to 28 U.S.C. § 1915. (ECF Nos. 4 & 5.) Specifically, the Court concluded that Mr. Edwards failed to comply with Federal Rule of Civil

Procedure 8 or state a plausible basis for a claim against Ms. Rice. (ECF No. 4 at 4.) Further, to the extent Mr. Edwards was basing his claim on Ms. Rice's "observation of trash, chickens, and other matters from the outside of his property," which led to certain citations, he failed to explain how that allegation translated into a constitutional violation.[1] (*Id.*)

The Court gave Mr. Edwards an opportunity to file an amended complaint within thirty days of the date of the Court's Order dismissing his initial Complaint. (ECF No. 5 at 1.) The Court's Order was signed on August 23, 2019, filed with the Clerk's Office on August 27, 2019, and entered on the docket on August 28, 2019. Using the latest of those dates, Mr. Edwards was obligated to file his amended complaint by September 27, 2019. The Court's Order informed Mr. Edwards that if he "fail[ed] to comply with [the Court's] Order, his case may be dismissed for failure to prosecute without further notice." (ECF No. 5 at 2.)

Mr. Edwards did not file an amended complaint, nor did he file a motion for an extension of time.[2] Accordingly, on October 15, 2019, the Court issued an Order dismissing Mr. Edwards's case without prejudice for failure to prosecute, thereby closing the case. (ECF No. 6.) On November 20, 2019, the Court received a submission from Mr. Edwards, which was docketed as a "Letter." (ECF No. 7.) The Court construed this filing as a belated amended complaint in a November 27, 2019 Order, which stated that the case would remain closed. (ECF No. 8.) In a

---

[1] To the extent Mr. Edwards was pursuing claims against Ms. Rice based on state court proceedings concerning citations issued to him, the Court noted that courts have applied *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) to convictions under local ordinances. It was also not clear how Ms. Rice bore responsibility for alleged errors in those proceedings.

[2] The Court's "Notice of Guidelines for Representing Yourself (Appearing 'Pro Se') in Federal Court," which was sent to Mr. Edwards at the outset of the case, explained that if Mr. Edwards "need[ed] more time to . . . comply with a deadline" he was required to file a motion for an extension of time. (ECF No. 3 at 4.)

2

footnote, the Court observed that Mr. Edwards failed to move to reopen his case or explain why his filing was delayed. (*Id.*) The Court also observed that Mr. Edwards's Amended Complaint failed to comply with Rule 8 because it was "comprised of disjointed allegations, exhibits, and recitations of disparate legal principles" that did not cure the errors in his initial Complaint and to which the Defendant could not be expected to meaningfully respond. (*Id.*)

On January 28, 2020, Mr. Edwards filed a Notice of Appeal. (ECF No. 9.) On August 21, 2020, the Third Circuit issued an order stating that this Court had not issued a final order for purposes of conferring appellate jurisdiction because the November 27, 2019 order stated only that the "case shall remain closed." (ECF No. 11.) Accordingly, the Third Circuit "remand[ed] for the limited purpose of allowing the District Court to enter a final order" explicitly ruling on the Amended Complaint. (*Id.*) The Third Circuit also "caution[ed] against the practice" of using footnoted orders in issuing final judgments. (*Id.*) Accordingly, the Court will address Mr. Edwards's Amended Complaint in a separate Memorandum and Order.

Prior to doing so, the Court notes the confusion in this case may have stemmed from the impact of the Court's October 15, 2019 Order, which dismissed this case without prejudice for failure to prosecute when Mr. Edwards failed to return with an amended complaint. Under the Third Circuit's jurisprudence on finality, orders dismissing cases without prejudice are not final orders unless they ripen into finality as a result of the expiration of the statute of limitations or the litigant's decision to stand on his complaint. *See Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001). This often becomes difficult in terms of making a straightforward analysis, especially at the screening stage of a proceeding when a *pro se* pleading fails to comply with Rule 8.

In October 2019, Mr. Edwards had failed to amend or otherwise communicate with the Court at all. Arguably, at that time, this inaction reflected an intention to stand on his original

Complaint, and the Order became final. *See Elansari v. Altria*, 799 F. App'x 107, 108 (3d Cir. 2020) (per curiam) (where district court notified litigant his action was subject to dismissal if he did not amend, and litigant failed to amend, "the effect of the District Court's subsequent dismissal for failure to prosecute was simply to render final its previous dismissal for failure to state a claim"). However, a month later Mr. Edwards filed paperwork that could be construed as an amended complaint. With that development, it seemed Mr. Edwards did not intend to stand on his original Complaint.

Mr. Edwards's filing raised the question of whether the Court's October Order could be considered final. Because it is not clear what Mr. Edwards's claims are, it follows that it is not clear when the statute of limitations expires or expired on those claims. The Court liberally construed the Complaint as raising claims under § 1983 and understood the possible basis for claims against the Defendant to be based on events of March 15, 2018. The Amended Complaint, filed on November 20, 2019, discusses events that took place on September 14, 2017, and March 15, 2018. So, the two-year statute of limitations applicable to § 1983 claims may have expired as to Mr. Edwards's claims based on the events of September 14, 2017, assuming there is no *bona fide* argument for the relation back of events for statute of limitations purposes. Nevertheless, given that the statute of limitations had not run on Mr. Edwards's claims based on the events of March 15, 2018, assuming the Court construed them correctly as seeking relief under § 1983, it appears the October Order was not final at the time Mr. Edwards submitted his filing, even though his inaction may have initially indicated an intention to stand on his pleading. This approach appears to present challenges at the appellate level as well. *See Bounasissi v. PHH Mortg. Servs., Inc.*, 808 F. App'x 95, 97 (3d Cir. 2020) (requiring response from appellants specifying their

4

litigation intentions and assessment of the statute of limitations "[i]n order to assess whether this case may fit an exception to the general rule that a dismissal without prejudice is not a final order").

In light of the remand here, the Court understands that where there is confusion about the finality of an order in such circumstances, it should presume the order is not the final order and that the subsequent order will become the final order in the case. Because this Court retains jurisdiction to address Mr. Edwards's filing, this presents another opportunity to do so now.

## II.    FACTUAL ALLEGATIONS

In his filing, which the Court has construed as his Amended Complaint, Mr. Edwards alleges that on September 14, 2017, Defendant Rice and Rich Flack, who is not named as a defendant, "came out to where [Mr. Edwards] was working and wanted to search the property [he] was on" and that he thought they were there "for the ground hog." (ECF No. 7 at 2.) Ms. Rice and Mr. Flack were "walking around and looking" and turned over containers, a lawn mower, a cardboard box, and pieces of lumber in the lot. (*Id.*) Mr. Edwards asked whether Ms. Rice and Mr. Flack had a warrant, and they responded that they did not. (*Id.*)

On March 15, 2018, Ms. Rice was allegedly among a group of five individuals who arrested Mr. Edwards and told him he was "going to jail." (*Id.* at 2-3.) Mr. Edwards alleges that, "[a]s [he] was led away [he] saw all of them walking on the property and stater [sic] to look through the sulf [sic] there and taking photos, and looking around." (*Id.* at 3.) Mr. Edwards states that on March 15, 2018, Ms. Rice and the others

> came down thought [sic] the woods and then onto winter and then its only a few steps onto that lot there where [he] was loading the van. It's a 100 ft. by 100 ft. She said in her report that it is dirt road. [T]hat where they were looking for the ground hog. The first time they were there looking and they did not have a warrant and this time they did not have a warrant either.

(*Id.* at 3.)

5

Mr. Edwards also refers to a trial, (*id.*), presumably his trial in a summary appeal in the Bucks County Court of Common Pleas in which he was found guilty of violations of local ordinances related to maintenance of his property.[3] (*Id.* at 36-39.) The Court understands Mr. Edwards to be alleging that Middletown Township lacked the authority to bring this proceeding against him. (*Id.* at 12.) He also claims that Ms. Rice "has a vested interest in the out[]come of the case. Money." (*Id.* at 34.) Mr. Edwards also attached approximately sixty pages of exhibits to his Amended Complaint, namely: (1) the docket for the summary appeal, (*id.* at 36-39); (2) pages of a transcript from that appeal (*id.* at 4-5); (3) a document showing he was incarcerated (*id.* at 6); (4) a document showing he received medical treatment on November 8, 2019 (*id.* at 62-64); and (5) recitations of legal principles including those pertaining to false imprisonment, jurisdiction, and assorted constitutional provisions (*id.* at 7-11, 13-33, 40-61). Mr. Edwards did not state the relief he seeks in connection with this lawsuit.

## III. STANDARD OF REVIEW

Mr. Edwards's Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Mr. Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] In his Amended Complaint, Mr. Edwards refers to a trial held on June 8, 2018, (ECF No. 7 at 3) but later includes a transcript of proceedings from June 29, 2018 (*id.* at 4-5) and a docket. (*Id.* at 36-39.) His original Complaint included a transcript of proceedings from June 8, 2018 and a docket. (*See* ECF No. 2 at 13-20, 31.)

6

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (per curiam). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017). Dismissals under Rule 8 are "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## IV. DISCUSSION

As noted in the Court's November 27, 2019 Order, Mr. Edwards's filing is "comprised of disjointed allegations, exhibits, and recitations of disparate legal principles." (ECF No. 8.) Liberally construed, Mr. Edwards's Amended Complaint could be understood to be raising constitutional claims, pursuant to 42 U.S.C. § 1983, based on the proceedings against Mr.

Edwards in the Bucks County Court of Common Pleas and the related citations, arrests, and inspections of his property. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, it is not clear who Ms. Rice is and what her specific role was in the underlying events. Several allegations and exhibits do not pertain to Ms. Rice at all. The underlying events and their relation to the exhibits are also not alleged in a manner that allows the Court to know what the claim actually is. The combination of Mr. Edwards's disjointed allegations, printouts of abstract legal principles, and unexplained exhibits muddles the true nature of his claims and leaves the Court guessing at how, specifically, Mr. Edwards believes Ms. Rice violated his rights. *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).").

Liberally construing the Amended Complaint, as the Court must, the Fourth Amendment, which prohibits unreasonable searches and seizures, appears to be the most applicable constitutional provision here. But Mr. Edwards has not alleged facts from which it plausibly could be inferred that Ms. Rice violated his Fourth Amendment rights during his arrests, searches

8

(which may or may not have occurred in connection with his arrests and that may or may not have occurred on his property), his prosecution, or his imprisonment. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that to state a claim for relief plaintiff must allege enough facts to nudge his claim "across the line from conceivable to plausible"). It is also not clear if Ms. Rice was personally involved in all of the events that seem to be at issue in Mr. Edwards's Amended Complaint. In sum, Mr. Edwards has not alleged a plausible basis for a constitutional violation, nor has he plausibly alleged that Ms. Rice's actions or inactions caused him harm; his Amended Complaint suffers from the same deficiencies as his initial Complaint.

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Edwards's Amended Complaint for failure to comply with Rule 8 and for failure to state a plausible claim. Mr. Edwards will not be given leave to file a second amended complaint because further efforts at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). A final order follows.

BY THE COURT:

GENE E.K. PRATTER, J.