IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD EDWARDS, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| KAREN B. RICE-SMITH, *Defendant* | : : : | No. 19-3559 |

## MEMORANDUM

PRATTER, J.                                                                                                    JUNE 8, 2022

Gerald Edwards filed this *pro se* suit against Karen B. Rice-Smith, an Environmental Protection Specialist with the Bucks County Department of Health who issued a health code violation for debris and animals on the Edwards property. After the Court partially granted Ms. Rice-Smith's motion to dismiss, Mr. Edwards's sole remaining claim is a Fourth Amendment claim for an unlawful search. Mr. Edwards and Ms. Rice-Smith have each filed motions for summary judgment and other motions.

Because Mr. Edwards has conducted no discovery, has not responded to any discovery requests, and has produced no admissible evidence in support of his claim, together with the substantive merits of the defense motion, the Court will grant Ms. Rice-Smith's motion for summary judgment and deny Mr. Edwards's motions.

### BACKGROUND

Ms. Rice-Smith is an Environmental Protection Specialist for Bucks County. In this role, she visited Mr. Edwards's property at 1652 Prospect Ave, Langhorne, PA 19047 on two occasions: September 14, 2017 and March 15, 2018. Only the second visit is at issue in this litigation. *See* Sept. 30, 2021 Op. at 11, Doc. No. 23.

1

Between the two visits, Ms. Rice-Smith issued an Official Notice of Violation of the Bucks County Health Department Rules and Regulations to Mr. Edwards on October 4, 2017. This notice outlined several health code violations and instructed him to clean up the property within 90 days.

On March 15, 2018, Ms. Rice-Smith returned to the property with her supervisor, Richard Flack, to see if the conditions there had improved. When Ms. Rice-Smith and Mr. Flack arrived at the property, several police officers were in the process of arresting Mr. Edwards. Ms. Rice-Smith and Mr. Flack did not move or touch anything on the property and did not use any devices to enhance their view. Ms. Rice-Smith heard chickens and, according to her affidavit, she then called the Society for the Prevention of Cruelty to Animals (SPCA) to come to the property out of concern for the chickens.

The next day, Mr. Edwards received a citation for the condition of his property. Ms. Rice-Smith and Mr. Flack both stated in their sworn affidavits that "[e]verything that formed the basis for the citation was observable on the Property by the naked eye." Rice-Smith Affidavit ¶ 8, Flack Affidavit ¶ 9, Doc. No. 32-2. Mr. Edwards was later found guilty of six health code violations related to chickens (dead and alive), beehives, and debris on the property.

Mr. Edwards raised a variety of claims. The Court dismissed all claims except the Fourth Amendment search claim for the second visit.[1] Mr. Edwards has not responded to Ms. Rice-Smith's discovery requests and has conducted no discovery of his own.

---

[1] In a recent letter to the Court, Mr. Edwards also purports to "fil[e] under 18 U.S.C. [§§] 242 & 241 for relief" and alleges various criminal violations by Ms. Rice-Smith's attorneys. Doc. No. 40, at 4. He seeks "treble exemplary damages for relief of $500,000.00 dollars." *Id.* at 5. However, Mr. Edwards has not sought leave to amend his complaint, and, in any event, it is not likely that the Court would grant such leave at this late stage in the proceedings in the absence of very compelling reasons to do so. Fed. R. Civ. P. 15(a)(2). Mr. Edwards alleges no facts to support claims against Ms. Rice-Smith's attorneys, and Mr. Edwards has had ample opportunity to assert his claims in this litigation. Additionally, Mr. Edwards does not have standing to bring criminal charges. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Ms. Rice-Smith and Mr. Edwards now each move for summary judgment on the Fourth Amendment claim. Mr. Edwards also filed a motion to strike Ms. Rice-Smith's summary judgment motion and a motion for entry of default. For the reasons that follow, the Court will grant Ms. Rice-Smith's summary judgment motion and deny Mr. Edwards's motions.

## LEGAL STANDARD

A court can grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." *Id.* "Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Power v. Lockheed Martin Corp.*, 419 F. Supp. 3d 878, 888–89 (E.D. Pa. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must draw factual inferences in the non-moving party's favor. *See Doe v. CARS Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008).

Generally, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). For example, the court must "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999). "However, despite this liberal interpretation, the same standards for summary judgment apply to *pro se* litigants." *Watson v. Phila. Hous. Auth.*, 629 F. Supp. 2d 481, 485 (E.D. Pa. 2009). "[O]n a motion for summary judgment, a *pro se* plaintiff is not relieved of his obligation under Rule 56 to point to

3

competent evidence in the record that is capable of refuting a defendant's motion for summary judgment." *Dawson v. Cook*, 238 F.Supp.3d 712, 717 (E.D. Pa. 2017) (internal quotation marks omitted). "The party opposing summary judgment, whether *pro se* or counseled, must present evidence, through affidavits, depositions, or admissions on file, to show that there is a genuine issue for trial." *Watson*, 629 F. Supp. 2d at 485; *see also Talbert v. Corr.Dental Assocs.*, No. 18-cv-5112, 2020 WL 6530317, at *1 (E.D. Pa. Nov. 5, 2020) ("[T]he same standards for summary judgment apply to *pro se* litigants. A *pro se* [plaintiff] is not permitted to disregard the Federal Rules of Civil Procedure, and is not relieved of his obligation to cite competent evidence.").

## DISCUSSION

Mr. Edwards alleges that Ms. Rice-Smith conducted a search without a warrant on March 15, 2018. Though Ms. Rice-Smith did look at Mr. Edwards's property, she did not look anywhere that was not in plain sight. Applying the plain view doctrine, her visit does not count as a search.

### I. Ms. Rice-Smith's Motion for Summary Judgment

Ms. Rice-Smith argues that Mr. Edwards has not established that she conducted an illegal search.[2] She has provided a sworn affidavit that she did not look into private areas of the property, and Mr. Edwards has failed to conduct any discovery to show otherwise.

"The first step in Fourth Amendment analysis is to identify whether a search or seizure has taken place." *United States v. Hartwell*, 436 F.3d 174, 177 (3d Cir. 2006). Here, the inquiry turns on whether there is evidence that Ms. Rice-Smith observed only items left outside in plain view.[3] If an officer merely observes "an item left in plain view," there is no Fourth Amendment search. *Texas v. Brown*, 460 U.S. 730, 738 n.4 (1983); *accord Horton v. California*, 496 U.S. 128,

---

[2] Ms. Rice-Smith submits an affidavit stating that she did not conduct a search. However, whether a search took place under the Fourth Amendment definition of the term is a legal issue to be analyzed by the Court.
[3] Mr. Edwards has not alleged or introduced any evidence of a seizure of any property.

4

133 n.5 (1990). This is because "a man's home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the plain view of outsiders are not protected because no intention to keep them to himself has been exhibited." *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring) (internal quotation marks omitted). If "there has been no invasion of a legitimate expectation of privacy," then there is no "'search' within the meaning of the Fourth Amendment." *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993).

The plain view doctrine applies to observations of environmental code violations on a person's property. *See, e.g.*, *Singhal v. City of Wilton Manors*, No. 06-cv-61653, 2006 WL 8433166, at *3 (S.D. Fla. Dec. 14, 2006) (citing *Katz* and noting that "observations made from vantage points accessible to the public of code violations exposed to the plain view are not covered by the Fourth Amendment"). The plain view doctrine applies if an officer looks through gaps in a fence or sees over a fence from a plane, *California v. Ciraolo*, 476 U.S. 207, 210 (1986), but not if the officer climbs over the fence, *Com. v. Rood*, 686 A.2d 442, 447 (Pa. Commw. Ct. 1996). A plain view observation also becomes a search if the officer moves the item "even a few inches." *Arizona v. Hicks*, 480 U.S. 321, 325 (1987).

As the movant, Ms. Rice-Smith must first "point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. Ms. Rice-Smith asserts that there is no genuine dispute that she did not touch anything on Mr. Edwards's property and that she observed only items left outside in plain view. She introduces signed affidavits by herself and Mr. Flack, as well as her field investigation reports. Her signed affidavit states that she did not move anything or touch anything. The field investigation report

for March 15, 2018 notes "piles of junk, wood, etc., as well as chicken coops" that Ms. Rice-Smith observed "[t]hrough a fence that abuts Mr. Edwards['s] house." Doc. No. 32-1, at 26.[4]

Because Ms. Rice-Smith has pointed to an absence of a genuine dispute, it is Mr. Edwards's burden to "present evidence from which a jury might return a verdict in his favor." *Anderson*, 477 U.S. at 257. Mr. Edwards asserts simply that "[a]s stated a sea[r]ch did happen." Doc. No. 37, at 1. But he includes no evidence to support this allegation. Although he previously alleged that a group started to "look th[r]ough" items on his property, Am. Compl. at 3, he has produced no evidence. He attaches only a notice issued to him in April 2022 requiring him to cease burning open fires on his property. Mr. Edwards has presented no evidence that Ms. Rice-Smith observed anything on his property besides items left outside in plain view.[5]

Thus, there is no dispute whether Ms. Rice-Smith observed only items left outside in plain view. Because Mr. Edwards does not have a reasonable expectation of privacy in such items, Ms. Rice-Smith did not conduct a search within the meaning of the Fourth Amendment.[6] *Minnesota*, 508 U.S. at 375. The Court will grant Ms. Rice-Smith's summary judgment motion.[7]

---

[4] The investigative report is an admissible public record under Federal Rule of Evidence 803(8)(A) because it reports "factual findings from a legal authorized investigation" in a civil case. Fed. R. Evid. 803(8)(A)(iii); *see Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 161–69 (1988).

[5] Ms. Rice-Smith's arguments raise an interesting question regarding whether unattended animals trigger the special needs doctrine. *See Ferguson v. City of Charleston*, 532 U.S. 67, 79 n.15 (2001) ("In . . . special needs cases, we have tolerated suspension of the Fourth Amendment's warrant or probable-cause requirement in part because there was no law enforcement purpose behind the searches in those cases, and there was little, if any, entanglement with law enforcement."). She also alludes to the concept of an administrative (rather than investigatory) search under Fourth Amendment jurisprudence. *See Whren v. United States*, 517 U.S. 806, 811–12 (1996) (describing the "exemption from the need for probable cause (and warrant), which is accorded to searches made for the purpose of inventory or administrative regulation"). However, the Court does not reach these issues.

[6] The Court notes in the alternative that, even if there had been a search within the meaning of the Fourth Amendment, the limited nature of Ms. Rice-Smith's search—looking through gaps in a fence—would likely render the search reasonable to address her concerns about the animals on the property.

[7] Ms. Rice-Smith also argues that even if there was a violation, she is entitled to qualified immunity. The Court does not reach this argument because there is no dispute regarding whether a violation took place.

## II. Mr. Edwards's Motion for Summary Judgment

Mr. Edwards has also filed a motion for summary judgment on his Fourth Amendment claim. The motion consists of numbered paragraphs that appear to respond to this Court's opinion granting in part and denying in part Ms. Rice-Smith's motion to dismiss his Amended Complaint.

A party moving for summary judgment bears the initial burden to show there are no genuine disputes of material fact such that no reasonable jury could reach a verdict for the other side. *Anderson*, 477 U.S. at 248. Mr. Edwards does not provide any basis for the Court to grant him summary judgment. Instead, he raises potential disputes that are not actually disputes. For example, Mr. Edwards asserts that Ms. Rice-Smith is not actually employed by the state of Pennsylvania as an Environmental Protection Specialist. Doc. No. 29 ¶ 1. Ms. Rice-Smith responds that this observation is indeed true because she is an Environmental Protection Specialist for *Bucks County*, not the state of Pennsylvania. Doc. No. 33 ¶ 1.[8] Mr. Edwards does not explain why this would be relevant to granting him summary judgment.

Mr. Edwards also introduces the following attachments: a printout from the Pennsylvania Department of Environmental Protection's website regarding its emergency response program; the Pennsylvania Department of Environmental Protection's Environmental Complaint Form; a printout of the text of Fourth Amendment; excerpts of certain state and county regulations; a copy of his code violation citation; and transcript excerpts from his hearing for the health code violations. None of these exhibits show a genuine dispute of any material fact.

Because Mr. Edwards has not met his burden, the Court will deny Mr. Edwards's motion for summary judgment.

---

[8] Mr. Edwards also asserts that Ms. Rice-Smith's references to livestock are "fabrications" and are not in the field reports. Doc. No. 29 ¶ 19. To the extent this is a dispute regarding whether chickens and roosters count as "livestock," it is not relevant to the Fourth Amendment claim. *See also Livestock* (def. 1), *Oxford English Dictionary* (3d ed.) ("[d]omestic animals kept on a farm for use or profit").

7

### III. Motion to Strike

Mr. Edwards also moved to strike Ms. Rice-Smith's motion for summary judgment under Federal Rule of Civil Procedure 12(f). This rule pertains to "any redundant, immaterial, impertinent, or scandalous matter" in a "pleading." Fed. R. Civ. P. 12(f). A motion for summary judgment is not a pleading. *See* Fed. R. Civ. P. 7(a) (listing forms of pleadings). Additionally, Mr. Edwards identifies no "redundant, immaterial, impertinent, or scandalous matter" for the Court to strike. Fed. R. Civ. P. 12(f). Thus, the Court will deny Mr. Edwards's motion to strike.

### IV. Motion for Entry of Default

Lastly, Mr. Edwards filed a motion for entry of default against Ms. Rice-Smith under Federal Rule of Civil Procedure 55(a). He appears to assert that she had not yet responded to his motion for summary judgment. She has since filed a response. *See* Doc. No. 33. Either way, Rule 55(a) applies to parties who fail to "plead or otherwise defend" against a complaint. Here, Ms. Rice-Smith filed her answer on October 14, 2021. This was a timely response because it was 14 days after the Court partially denied her motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A). Because Ms. Rice-Smith is not in default, the Court will deny Mr. Edwards's motion for entry of default.

### CONCLUSION

For the foregoing reasons, the Court grants Ms. Rice-Smith's motion for summary judgment and denies Mr. Edwards's motions. An appropriate Order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE